IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED
3:46 pm, 1/16/13
Tim J. Ellis
Clerk of Court

In re )
)
KAREN W. FORD, ) Case No. 12-20094
) Chapter 11
Debtor. )

## OPINION ON MOTION FOR ORDER TO SHOW CAUSE AND/OR FOR CONTEMPT CITATION

On January 9, 2013, this matter came before the court for an evidentiary hearing on the Motion for Order to Show Cause and/or for Contempt Citation ("Motion") filed by Karen W. Ford ("Debtor") and the response filed by Wells Fargo Bank ("Wells Fargo"). The parties were represented as stated on the record. At the conclusion of the hearing, the court took the matter under advisement. The court, having reviewed the applicable law, testimony, evidence and arguments of the parties is prepared to rule.[1]

Debtor asserts that Wells Fargo violated the automatic stay with its pending proceeding in the District Court for the Ninth Judicial District for the State of Wyoming ("State Court") seeking to: (1) foreclose on the property of Flat Creek Capital, LLC ("Flat Creek"); and, (2) have a receiver appointed to administer Flat Creek's rental income.

Debtor owns a 75 percent membership interest in Flat Creek and is its managing member. On January 30, 1990, Debtor loaned Flat Creek the amount of $200,000.00

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

which was evidenced by a Promissory Note ("1990 Note"). Subsequently, Debtor testified that on January 1, 2010, she replaced the 1990 Note with a new Note ("2010 Note") in the amount of $217,000.00. Thereafter, on November 30, 2010, Debtor recorded the Mortgage and Security Agreement ("Mortgage") in the Teton County Clerk's real estate records in Jackson, Wyoming securing the 2010 Note.

Debtor and her spouse, Glenn Ford defaulted on several notes they had entered into with Wells Fargo. Wells Fargo initiated an action in the United States District Court - District of Wyoming ("Federal Court") on the personal guaranties that Debtor and Mr. Ford had granted to Wells Fargo on the notes. On November 2, 2011, the Federal Court entered a judgment in favor of Wells Fargo and against the Debtor and Mr. Ford in the amount of $2,161,203.71 ("Judgment"). Wells Fargo was aware that Flat Creek owed Debtor a debt from information provided by Debtor on March 3, 2009, i.e., the "Personal Financial Statement," listing a "Note receivable - Flat Creek Capital" in the amount of $240,000.00. Wells Fargo recorded the Judgment as a foreign judgment in the State of Wyoming District Court located in Teton County, Wyoming and proceeded to collect by obtaining a Writ of Garnishment in State Court and serving Flat Creek on November 30, 2011. Flat Creek, by and through its managing member, Debtor, filed its Garnishee's Answer to Writ of Garnishment ("Writ Answer") on or about December 8, 2011. Thereafter, Debtor filed her Chapter 11 bankruptcy petition and schedules on February 10, 2012. On March 7, 2012, Wells Fargo filed a complaint in State Court against Flat

Creek seeking to foreclose on the mortgages securing notes with Wells Fargo. Debtor filed this Motion in the Bankruptcy Court.

**Discussion**

In determining whether Wells Fargo violated the automatic stay under 11 U.S.C. §§ 362(a)(2), (3) and (6), the court must consider whether the Debtor had any remaining interest in Flat Creek on the date her petition was filed.

The Bankruptcy Code provides, in part:

(a) "a petition filed under this section...operates as a stay, applicable to all entities, of:

- (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

- (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

- (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."[2]

Property of a bankruptcy estate is broadly defined to include "all legal or equitable interests of the debtor in property as of commencement of the case."[3] The nature and extent of a debtor's interest in property are determined by state law. Once that determination is made, federal bankruptcy law determines if the debtor's interest in

---

[2] § 362 (a) (2), (3) and (6).

[3] § 541(a)(1).

property is property of the estate.[4] Wells Fargo argues that the note and mortgage that Flat Creek executed in favor of the Debtor was satisfied and discharged under Wyoming law. Therefore, Debtor did not have any interest in Flat Creek that was property of the estate, beyond her membership interest. Debtor disagrees, asserting that the mortgage is not satisfied as there is a balance stilling owing on the Note secured by the Mortgage. Additionally, Debtor argues that: (1) her right of redemption; (2) right to a receiver; and, (3) assignment of rents are property of her bankruptcy estate.

Satisfaction of note

Wells Fargo contends that Debtor's note was satisfied and the mortgage discharged, as evidenced by Flat Creek's Writ Answer. Debtor's Writ Answer, states, in relevant parts:

> "I. Are you [Flat Creek] indebted to Karen W. Ford, either in property or in money, whether the same is now due, and if not, when is it to become due?
>
> YES, Flat Creek Capital, LLC owes Karen W. Ford the sum of $111,000.00, which sum is a loan of Karen W. Ford to Flat Creek Capital, LLC. The sum is not currently due and only paid by Flat Creek Capital, LLC from available cash flow at its sole and absolute discretion."

and,

> "IV. Whether, pursuant to Wyo. Stat. §1-15-417, you [Flat Creek] are retaining or deducting any amount in satisfaction of a claim you have against Karen W. Ford, a designation as to whom the claim relates and the amount retained or deducted.

---

[4] *In re A Partners, LLC*, 344 B.R. 114 (Bankr. E.D. Cal. 2006).

Page 4

> YES
>
> Explanation: Flat Creek Capital, LLC is owed the sum of $500,000.00 by Karen W. Ford as a valid and legal set-off, resulting from the pledge of a $500,000.00 Mortgage to Wells Fargo Bank. Additionally, Flat Creek Capital, LLC is entitled to set-off for an officer account receivable due and owing it from Karen W. Ford in the amount of $2,868.00."

The Wyoming Statutes state,

> "A garnishee may retain or deduct out of the property, effects or credits of the defendant in his hands all demand whether or not due against the plaintiff and against the defendant of which he could have availed himself if he had not been served as garnishee."[5]

Thereafter, Flat Creek, as garnishee, did not submit any funds to Wells Fargo under the Writ of Garnishment.

In interpreting the Wyoming garnishment statutes, the court considers the purpose of a garnishment statute, which is to enforce the obligations of the debtors.[6]

> "In arriving at a proper interpretation of garnishment statutes, recourse should be had to the rules controlling and aiding the construction of statutes generally. The primary consideration is to determine the intent of the legislature event to the extent of favoring the spirit of the statute over its literal wording. The court should incline to a construction that will promote the ends of justice."[7]

This court finds the Wyoming garnishment statutes' language to be clear and unambiguous. "When statutory language in not ambiguous, it is conclusive, 'absent a

---

[5] Wyo. Stat. §1-15-417.

[6] 38 C.J.S. Garnishment §4 (2008).

[7] 38 C.J.S. Garnishment §5 (2008).

clearly expressed legislative intent to the contrary.'"[8]

It appears that the Wyoming Legislature amended the statutes relating to garnishment in 1988, specifically including the question put forth in Flat Creek's Answer at number (iv).[9]

The court, after reviewing of the plain language of the statutory questions and Flat Creek's responses, concludes that:

(1) Flat Creek owed Debtor the amount of $111,000.00 on the date the Answer was executed.

(2) Debtor owed Flat Creek the amount of $500,000.00 based upon the mortgage to Wells Fargo Bank. Additionally, Debtor owed Flat Creek the amount of $2,868.00 for an account receivable.

(3) Flat Creek set off Debtor's indebtedness against the "valid and legal set-off resulting from the ...$500,000.00."

(4) Therefore, Flat Creek did not owe Debtor any funds that could be subject to garnishment.

Now, Debtor argues that her response does not indicate that a "setoff" had been taken, just that she was retaining her right of set-off. The court disagrees. This promotes a position that allows Flat Creek to evade the state court garnishment at the time the Writ was filed. Flat Creek was required to specifically respond to the statutory questions, which it did. The Debtor, as managing member of Flat Creek, provided those very clear

---

[8] *Miller v. Commissioner*, 836 F.2d 1274, 1283 (10th Cir. 1988).

[9] Session Laws of Wyoming, ch. 42, §1 (1988). [Note: In the Wyo. Stat. 1-15-407, this question is actually (v). However it appears that Flat Creek's Answer does not include a response the Wyo. Stat. §1-15-407(iv).]

and unambiguous responses to the clear and unambiguous questions. Thereafter, Flat Creek did not submit any garnished funds to Wells Fargo, supporting the position that Flat Creek had set-off its debt to Debtor against the amount that the Debtor owed Flat Creek.

Debtor further argued that its position is supported by the lack of any cancellation form or discharge entered in the county real estate record as required under Wyoming Statutes.[10] This court finds this response disingenuous. "[E]ven though the mortgage is in fact discharged by payment of the debt, it is necessary from the point of view of the owner of the property, that it be released of record to clear the title."[11] Flat Creek, as owner of the property, was under the control of the Debtor, as its managing member. The issues of whether Flat Creek's management purposefully failed to record the satisfaction of the note and discharge of its debt, as reflected in the Answer it filed regarding the writ of garnishment is not before this court. However, it is disconcerting to this court, that the Debtor appears to respond to the circumstances before her at any point in time, to justify her own best interest.

Therefore, this court concludes that as Debtor's note was set-off against Debtor's obligation to Flat Creek, the note was satisfied and mortgage terminated at the time Flat Creek answered the Writ of Garnishment on December 8, 2011. As Debtor did not file

---

[10] Wyo. Stat. §§ 34-2-113 and 34-1-130.

[11] E. George Rudolph, *The Wyoming Law of Mortgages* §7.1 (1995).

her Chapter 11 bankruptcy petition and schedules until February 10, 2012, the mortgage was not property of the estate on the date the bankruptcy case was commenced. As the mortgage was not property of the bankruptcy estate, Wells Fargo did not violate the automatic stay.

As the court has determined that the note was satisfied and the mortgaged discharged, any rights designated as part of the mortgage were also discharged. Therefore the court will not further address Debtor's asserted additional rights.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 16 day of January, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Stephen Winship
James Belcher