John C. Smiley (#5-2381)
Ethan J. Birnberg (#7-4761)
jsmiley@lindquist.com
LINDQUIST & VENNUM LLP
600 17th Street, Suite 1800-S
Denver, Colorado 80202
Phone: (303) 573-5900
Facsimile: (303) 573-1956

Attorneys for Randy L. Royal, Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-20094 |
| KAREN W. FORD, ) | |
| SSN: xxx-xx-7862 ) | Chapter 7 |
| ) | |
| Debtor. ) | |

### MOTION TO AUTHORIZE TRUSTEE TO USE PROPERTY OF THE ESTATE
### (INTEREST IN FLAT CREEK CAPITAL, LLC)

Randy L. Royal, Chapter 7 Trustee ("Trustee") in the above-captioned bankruptcy case, pursuant to 11 U.S.C. § 363(b), for his Motion to Authorize Trustee to Use Property of the Estate (this "Motion"), states:

1. On February 20, 2012, Karen W. Ford (the "Debtor") filed her voluntary petition for relief under chapter 11 of title 11, U.S.C. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Wyoming (this "Court") commencing the above-captioned bankruptcy case.

2. On June 6, 2013, the Court entered its Order converting the chapter 11 case to a case under chapter 7 (Docket No. 318).

3. Randy L. Royal is the duly appointed chapter 7 trustee in the Debtor's bankruptcy case.

4. Property of the Debtor's bankruptcy estate includes a 75% equity interest Flat Creek Capital, LLC ("Flat Creek").

5. The primary, if not sole, asset of Flat Creek is a mini-warehouse located on Flat Creek property in Teton County, Wyoming (the "Property").

6. The Property is in receivership under the supervision of the Teton County District Court. A foreclosure sale of the Property occurred on November 27, 2013, at which Dennis R. Lyman and Diane R. Lyman bid and paid $1,800,000 for a certificate of purchase. Foreclosure proceeds are being held in the Wyoming State Court, pending further order. Flat Creek's statutory redemption period expires February 26, 2014.

7. Pursuant to the Purchase and Sale Agreement attached as Exhibit A to this Motion (the "PSA"), Richard Linder proposes to purchase the Property from Flat Creek for $1,925,000, to enable Flat Creek to redeem the Property and then convey it to Linder. The PSA is subject to the approval of this Court.

8. After expenses of sale, it is estimated that the Linder transaction will net an additional surplus of approximately $70,000 to Flat Creek. Both the Trustee and the Debtor believe that the Linder transaction as contemplated in the PSA is in Flat Creek's best interests.

9. But the Trustee and the Debtor disagree about whether the Debtor is authorized to act as the manager of Flat Creek. The Trustee asserts that Section 541 of the Bankruptcy Code trumps applicable state law. *See*, *e.g.*, *In re Garcia*, 494 B.R. 799, 810 (Bankr. E. D. N. Y. 2013); *In re Warner*, 480 B.R. 641, 653 (Bankr. N. D. W. Va. 2012); and *In re Ellis*, 2011

2

WL5147551 (Bankr. S. D. Ind. 2011). Accordingly, he has removed the Debtor as manager of Flat Creek and replaced her with r$^2$ advisors, llc.

10. The Debtor asserts that she retains management rights, notwithstanding her personal bankruptcy, in accordance with applicable state law. *See*, *In re Albright*, 291 B.R. 538 (Bankr. D. Colo. 2003).

11. In order to consummate the Linder transaction it is necessary to resolve, at least temporarily, the dispute over the management of Flat Creek.

12. Further, the title company requires that the Trustee provide a disclaimer of interest with respect to the Property and instructions as to the distribution of the net proceeds of the Linder transaction.

13. The Trustee must exercise his equity interest in Flat Creek in order to effectuate the PSA and enable the Linder transaction to go forward and to close prior to expiration of the redemption period.

14. Accordingly, Trustee seeks approval of the relief requested in this Motion. Facilitation of the Linder transaction is in the best interests of the Debtor's bankruptcy estate because it will produce additional funds to the estate that would not be available in the absence of such transaction.

15. It would expedite the proposed transaction if the Debtor is authorized to act as Manager of Flat Creek for the sole purpose of executing the PSA and all documents necessary to close the proposed transaction. The Trustee will consent to the Debtor acting as manager for those limited purposes, but reserves and retains all rights with respect to any other management activities and management rights with respect to Flat Creek.

16. Trustee further requests that this Court authorize him to execute and deliver a disclaimer of interest in and to the Property. The Trustee's equity interest in Flat Creek does not provide any direct ownership interest in the Property. Thus, such a disclaimer would not be inappropriate.

17. Further, Trustee requests that he be authorized to instruct the title company to deliver the net proceeds of the Linder Transaction to him, to be held pending further order of this Court. It may be necessary to resolve competing claims by the owners of the various equity interests in Flat Creek and to determine whether other creditors exist, before such net proceeds are properly distributable.

18. Last, the Trustee requests that the Court authorize the Debtor to release her mortgage on the Property in connection with the closing of the proposed transaction. On information and belief, the loan secured by such mortgage has been satisfied and discharged so a release of the mortgage is appropriate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order approving the PSA, temporarily authorizing the Debtor to act as manager of Flat Creek for the limited purpose of closing the transactions contemplated by the Agreement, authorizing the Trustee to deliver to the title company a disclaimer of interest in the Property, authorizing the Trustee to instruct the title company to distribute the net proceeds to him pending further of this Court, authorizing the Debtor to release her mortgage on the Property, and granting such other and further relief as is just and proper.

Dated: February 5, 2014.

**LINDQUIST & VENNUM LLP**

By /s/ John C. Smiley_____
John C. Smiley (Wyoming Bar No. 5-2381)
Ethan J. Birnberg (Wyoming Bar No. 7-4761)
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 454-0510
Facsimile: (303) 573-1956
E-mail: jsmiley@lindquist.com
E-mail: ebirnberg@lindquist.com

Attorneys for Randy L. Royal, Chapter 7 Trustee

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 5, 2014, a true and correct copy of the foregoing **MOTION TO AUTHORIZE TRUSTEE TO USE PROPERTY OF THE ESTATE (INTEREST IN FLAT CREEK CAPITAL, LLC)** was sent to the recipients below via the Court's ECF system:

- James R. Belcher jbelcher@crowleyfleck.com, jwacker@crowleyfleck.com
- Ethan J. Birnberg ebirnberg@lindquist.com, bblessing@lindquist.com;sroberts@lindquist.com
- Christopher D. Bryan cbryan@garfieldhecht.com, rwhite@garfieldhecht.com
- John A. Coppede jcoppede@hickeyevans.com, landerson@hickeyevans.com
- David F. Evans devans@hickeyevans.com, spersoma@hickeyevans.com
- Justin Kallal justin@justinkallal.com, kris@justinkallal.com
- Daniel J. Morse daniel.j.morse@usdoj.gov
- Randy L. Royal rlroyal@tctwest.net, WY03@ecfcbis.com;charwood@tctwest.net;msanderton@tctwest.net
- Randy L. Royal rlroyal@tctwest.net, WY03@ecfcbis.com;charwood@tctwest.net;msanderton@tctwest.net
- US Trustee USTPRegion19.cy.ecf@usdoj.gov
- Stephen R. Winship steve@winshipandwinship.com, kim@winshipandwinship.com;don@winshipandwinship.com;billie@winshipandwinship.com;brad@winshipandwinship.com;receptionist@winshipandwinship.com

I further certify that on this 5th day of February, 2014, a true and correct copy of the same was deposited in the U.S. Mail, postage prepaid, addressed to the following parties.

Joni Kumor
Lenhart, Mason & Associates, LLC
135 N. Ash Ave.
Casper, WY 82601

David L. Lenyo
Garfield & Hecht, PC
601 East Hyman Ave.
Aspen, CO 81611

Winship & Winship, P.C.
100 N. Center St.
Casper, WY 82602

/s/ Lorri K. Parker

# EXHIBIT A

AGREEMENT OF PURCHASE AND SALE

This agreement is made and entered into this __4th__ day of February, 2014 by and between Richard Linder, or his designees (hereinafter referred to as "Purchaser"), and Flat Creek Capital, LLC, a Wyoming limited liability company (hereinafter referred to as "Seller").

Whereas, Seller is/was the record owner of property described on the attached Exhibit A ("Property"), and which property was mortgaged to Jackson State Bank and Trust, which was subsequently acquired by Wells Fargo Bank and Trust; and

Whereas, a foreclosure sale of the property occurred on November 27, 2013 and which property was purchased by a third party, Dennis R. Lyman and Diane R. Lyman ("Lyman"), at such sale for $1,800,000; and

Whereas, a Certificate of Purchase has been issued by the Sheriff of Teton County, Wyoming to Lyman which was recorded on January 17, 2014 in the Office of the Teton County Clerk, Wyoming as document 0851984 in Book 862, page 555-559;

Whereas, the Purchaser desires to purchase, and the Seller desires to sell the property and for the proceeds to be used to redeem the property as provided by Wyoming Statute §1-18-103;

Whereas, the authority of Karen Ford ("Ford") to act as manager of the Seller is disputed by Randy Royal, the duly-appointed chapter 7 trustee ("Trustee") in her bankruptcy case, No. 12-20094 ("Bankruptcy Case"), pending in the U.S. Bankruptcy Court for the District of Wyoming ("Bankruptcy Court"); and

Whereas, Ford and the Trustee desire to consummate the sale to Linder, subject to having first received the prior approval of the Bankruptcy Court in the Bankruptcy Case.

IT IS HEREBY AGREED AS FOLLOWS:

The Seller agrees to sell to Purchaser, and Purchaser agrees to purchase from Seller certain land in Teton County, Wyoming described above upon the following terms and conditions:

1. **Description of Property**. The property is described on the attached Exhibit A.

2. **Bankruptcy Court Approval**. This Agreement is subject to approval by the Bankruptcy Court which shall include authorization of Ford to act as manager of Seller, with the Trustee's consent, for the limited purposes of consummating the transactions contemplated by this Agreement, and authorization of the Trustee to provide the disclaimer and instructions described in Section 3(a), below. The Trustee agrees to promptly file a motion requesting such Bankruptcy Court approval, and joins in this Agreement for that sole purpose. If for any reason

the Bankruptcy Court does not enter an order approving this Agreement on or before February 25, 2014, this Agreement shall be deemed null and void.

3. **Closing Deliveries**. Subject to Bankruptcy Court approval:

   a. the Trustee will deliver at Closing (i) a disclaimer of interest as to the Property, and (ii) instructions to the title company to distribute the proceeds of the contemplated sale to him, to be held pending further order of the Bankruptcy Court; and

   b. Ford shall deliver at Closing a release and discharge of the mortgage of the Property recorded at Book 770 of Photo, Pages 641-650, records of Teton County, Wyoming.

4. **Title**. At the closing, the Seller shall provide the Purchaser, at Seller's sole expense, with a Wyoming A.L.T.A. owner's fee title insurance policy in an amount equal to the purchase price, subject only to those restrictions and conditions referred to herein, as well as the usual printed exceptions and reservations contained within a standard form Wyoming A.L.T.A. owner's insurance policy.

The title shall be conveyed by Seller, or its assignees, to Purchaser, or his assignees, at the closing by general warranty deed, duly executed and acknowledged. The Property shall be conveyed free and clear of all encumbrances, easements, restrictions, taxes, assessments or special assessments, except such acceptable restrictions and easements as are of record and taxes not due or delinquent.

The Property to be conveyed hereunder shall include with it all irrigation, ditch, water, mineral, oil and gas and other rights of any kind and nature appurtenant to the Property which are owned by Seller.

5. **Purchase Price**. The Purchaser shall pay to the Seller the total sum of One Million Nine Hundred Twenty Five Thousand Dollars ($1,925,000) which will be used by the parties as follows:

   i) Such amount as is necessary to redeem the property from Lyman which is understood to be the bid amount of $1,800,000 plus interest and any other costs as allowed to Lyman by Wyoming statute §1-18-103; and

   ii) The balance to be paid to the Seller as Seller directs at the time of closing.

6. **Closing**. Closing shall take place at the office of Jackson Hole Title and Escrow, in Jackson, Wyoming, and shall occur at a mutually convenient time as soon as practicable. General

taxes, assessments and other items, if any, which are normally and customarily prorated, shall be prorated as of the date of closing. The parties agree to evenly split the costs of closing.

7. **Records and miscellaneous**. The Seller will provide to the Purchaser the records of customers of the storage units showing the status of all accounts. Any deposits of customers held by Seller shall be either paid over to Purchaser or deducted from the purchase price at closing. At closing Seller will provide Purchaser will all keys or codes to the property and any other such items, such as instruction manuals, warranty information and the like.

8. **Confidentiality**. This Agreement between the parties shall be held in the strictest of confidence and shall not be disclosed, in particular to Dennis Lyman or his agents, except as shall be necessary to perform this agreement, including as necessary to seek Bankruptcy Court approval; and provided that the parties shall be able to discuss such with their attorneys, accountants and other advisors. Particularly, the Property or the redemption rights to such are not to be "shopped" and the parties agree to act in good faith in the execution of this agreement.

9. **Possession**. If this Agreement is fulfilled in the manner and within the period herein provided, the Seller shall surrender to the Purchaser full and complete possession of the property on the Closing.

10. **Entire Agreement**. This Agreement for Purchase and Sale constitutes the entire Agreement between the parties. No representations, warranties or promises pertaining to this Agreement or any property affected by this Agreement have been made by, or shall be binding upon, any of the parties, except as is expressly stated in this Agreement. This Agreement may not be modified orally, but only by an Agreement in writing signed by the party against whom enforcement of any such modification is sought.

11. **Construction**. This Agreement shall be governed by and construed in accordance with the laws of the State of Wyoming.

12. **Enforcement**. The Seller and the Purchaser each agree that should either of them default in any of the covenants or Agreements contained herein, the defaulting party shall pay all costs and expenses, including reasonable attorneys' fees, which may arise or accrue in connection with the enforcement of this Agreement, whether or not legal proceedings are commenced.

13. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the respective heirs, personal representatives, successors and assigns of the parties thereto.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the date first above written.

**SELLER:**

**Flat Creek Capital, LLC**

By: *Karen Ford*
Its: Manager

PURCHASER:

By: _____
Richard Linder

JOINDER:

*/s/ Randy L. Royal, Trustee 2-4-14*
Randy L. Royal, as chapter 7 Trustee of
the bankruptcy estate of Karen W. Ford,
Case No. 12-20094, U.S. Bankruptcy Court for
the District of Wyoming, joining in this Agreement
solely with respect to Sections 2 and 3(a)

*/s/ Karen W. Ford*
Karen W. Ford, joining in this Agreement,
individually, solely with respect to Section 3(b)

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the date first above written.

SELLER:

Flat Creek Capital, LLC

By: _____
Its: Manager

PURCHASER:

By: *Richard Linder*
Richard Linder

JOINDER:

_____ *Trustee 2/4/14*
Randy L. Royal, as chapter 7 Trustee of
the bankruptcy estate of Karen W. Ford,
Case No. 12-20094, U.S. Bankruptcy Court for
the District of Wyoming, joining in this Agreement
solely with respect to Sections 2 and 3(a)

_____
Karen W. Ford, joining in this Agreement,
individually, solely with respect to Section 3(b)

# EXHIBIT A

That parcel of land being part of Lot 4, Section 23, T41N, R117W, 6th P.M., Teton County, Wyoming, more particularly described as follows:

Beginning at a point N89°59'59"E, 886.51 feet and N00°07'30"W, 306.93 feet from the W 1/16th corner between Sections 23 and 26; said point is identical with the northwest corner of that tract of record in the Office of the Clerk of Teton County recorded in Book 111 of Photo, Page 573;

Thence N00°07'30"W, 348.29 feet to a 5/8" diameter rebar with cap inscribed "PLS 3831";

Thence N89°31'12"E, 200.00 feet to a 5/8" diameter rebar with cap inscribed "PLS 3831";

Thence N00°07'30"W, 653.50 feet to a 5/8" diameter rebar with cap inscribed "PLS 3831" marking an intersection with the south right-of-way line of Wyoming State Highway No. 22;

Thence N89°31'12"E, 372.82 feet along said right-of-way line to an intersection with the west right-of-way line of Green Lane County Road No. 22-8 marked by a 5/8" diameter rebar inscribed "PLS 3831";

Thence S29°30'00"W, 150.26 feet along said west right-of-way line to a 5/8" diameter rebar with cap inscribed "PLS 3831";

Thence S13°12'00"W, 900.36 feet continuing along said right-of-way line to a 5/8" diameter rebar with cap inscribed "PLS 3831";

Thence leaving said right-of-way line, N89°51'00"W, 291.03 feet to the Point of Beginning.